1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**

9           **EASTERN DISTRICT OF CALIFORNIA**

10

11   CARLOS SANCHEZ,                                    )   Case No.: 1:16-cv-00421-JLT
                                                        )
12              Petitioner,                             )   ORDER REQUIRING PETITIONER TO SUBMIT
                                                        )   AN AMENDED PETITION
13        v.                                            )
                                                        )   THIRTY DAY DEADLINE
14   S. FRAUENHEIM,                                     )
                                                        )
15              Respondent.                             )   ORDER DIRECTING CLERK OF THE COURT TO
                                                        )   SEND PETITIONER A FORM FOR FILING
16                                                      )   HABEAS CORPUS PETITION PURSUANT TO 28
                                                        )   U.S.C. § 2254
17   _____

18          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254.  Petitioner filed the instant petition on March 30, 2016.  (Doc. 1).

20                                        **DISCUSSION**

21          Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

22   of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

23   from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules

24   Governing  2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court

25   will order Respondent to respond to the petition.  Rule 5 of the Rules governing § 2254 Cases.

26          A federal court may only grant a petition for writ of habeas corpus if a petitioner can show that

27   "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254 (a).  A petition for writ of

28   habeas corpus must therefore specify the grounds for relief.  Rule 2(c) of the Rules Governing Section

                                                   1

2254 Cases.  The petition must also allege the facts surrounding the  petitioner's incarceration.  28 U.S.C. § 2242.  The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true.  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir. 1989).

In addition, a petition presented in *pro se* must be upon the form approved by the court.  Rule 2 of the Rules Governing Section 2254 Cases; Local Rule 81-190.  This rule ensures that all information needed is before the court.  Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief.  If a petition contains no grounds entitling the petitioner to habeas corpus relief, the court must dismiss the petition.  Rule 4 of the Rules Governing Section 2254 Cases.

Filing an incomplete form petition is inadequate, and requires the Court to expend considerable time and resources attempting to determine which claims petitioner seeks to raise before this Court.  It is unreasonable to expect the Court to take on such a task when the responsibility to inform the Court lies solely with Petitioner.[1]  The proper use of the form petition results in administrative convenience of benefit to both Petitioner and the Court.

Here, Petitioner has filed a form petition that is seriously incomplete.  The petition submitted by Petitioner contains only pages 2 and 5 of the form petition.  The other pages were not filed with the original petition.  These omitted pages are necessary for this Court to consider Petitioner's claims as they contain information vital to the Court's ability to perform its preliminary screening function regarding timeliness, exhaustion, and allegations of constitutional error.  Without this information, the Court cannot proceed to the merits of the petition. Thus, **Petitioner must resubmit the form petition once it has been <u>completely filled out</u> as stated on the form**.

Moreover, upon a close examination of the petition, the Court has discovered that the petition does not contain an original signature under penalty of perjury.  Petitioner did not sign the form petition on page 7, as required, likely due to the fact that page 7 was not included in the petition.  Hence, there is no signature indicating that the allegations in the petition are made under penalty of

---

[1] Petitioners are not precluded from submitting attachments or exhibits to the petition, however, the Court will not determine a petitioner's claims for him based solely on his attachments.

perjury.  Local Rule 131 requires a document submitted to the Court for filing to include an original signature.  In addition, Rule 2 of the Rules Governing Section 2254 Cases requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner."

For all of the foregoing reasons, the instant petition in deficient.  Petitioner will be required to file an amended petition containing sufficient information for the Court to proceed with the case. The Clerk of the Court will be directed to send Petitioner a blank form which Petitioner should use in filing an amended petition.   Accordingly, the Court **ORDERS**:

1. The instant petition for writ of habeas corpus is hereby **DISMISSED**.  Petitioner is GRANTED 30 days from the date of service of this Order to file a first amended petition that complies with this order.

2. The Clerk of the Court is **DIRECTED** to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

**Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **April 19, 2016**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE